IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. RUBEL,

                                                                                                        ORDER

                Plaintiff,

                                                                                                   08-cv-238-bbc

    v.

JAMES GREER, SHARON ZUNKER
and FERN SPRINGS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charles G. Rubel filed this lawsuit while he was in prison, alleging that defendants violated his Eighth Amendment rights by failing to provide him adequate medical care in prison. On March 6, 2009, defendants filed a motion for summary judgment, contending that they were not deliberately indifferent to plaintiff's serious medical needs. Plaintiff was given until May 15, 2009 to file a response. He did not respond.

      This is not the first time plaintiff has demonstrated a lack of interest in pursuing his lawsuit. Shortly after he was granted leave to proceed <u>in forma pauperis</u> on his Eighth Amendment claims against defendants, plaintiff was released from prison. After he was released, he failed to make an appearance at the preliminary pretrial conference and did not

1

attempt to contact the court to find out what happened at the conference. Dkt. #20, at 1. Only after Magistrate Judge Stephen L. Crocker told plaintiff to indicate whether he was interested in pursuing the lawsuit or face dismissal, id., did plaintiff submit a letter stating that he intended to pursue his lawsuit. Dkt. #21. Since he wrote that letter on September 26, 2008, plaintiff has not submitted any other materials to the court.

Because plaintiff has failed to respond to defendants' motion for summary judgment or communicate with the court in any other way since September 26, 2008, it appears that he is no longer interested in prosecuting this case. In these circumstances, rather than turn straight to the merits of defendants' unopposed motion for summary judgment, it is proper to decide first whether plaintiff wishes to proceed in this case. Therefore, I will grant plaintiff a short time in which to show cause why this case should not be dismissed with prejudice for his failure to prosecute. If plaintiff fails to respond within the time allowed, this case will be closed.

ORDER

IT IS ORDERED that plaintiff shall show cause no later than June 16, 2009, why this case should not be dismissed with prejudice for lack of prosecution. If plaintiff does not respond by June 16, 2009, the clerk of court is directed to enter judgment in favor of defendants dismissing this case with prejudice pursuant to Fed. R. Civ. P. 41(b) for plaintiff's

failure to prosecute.

Entered this 3rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3