IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES G. RUBEL,

                                                                                    ORDER

                Plaintiff,

                                                                                 08-cv-238-bbc

     v.

JAMES GREER, SHARON ZUNKER
and FERN SPRINGS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil rights case, plaintiff Charles G. Rubel contends that defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care while he was in prison and under their care. Defendants have moved for summary judgment, but plaintiff did not file any materials in opposition to defendants' motion by his May 15, 2009 deadline. Because it appeared that plaintiff was not interested in prosecuting his case, in an order entered on June 3, 2009, I gave plaintiff until June 16, 2009 in which to advise the court whether he wished to pursue his case.

      On June 8, 2009, plaintiff called the clerk of court and updated his address, stating also that he intended to respond to the June 3, 2009 order. However, more than a week has

1

passed since the deadline I set for responding to that order and the court has not received any response from plaintiff.  Therefore, plaintiff's case will be dismissed with prejudice for his failure to prosecute it.

I note that even if plaintiff had responded, it is likely that his case would have been dismissed.  Defendants' motion for summary judgment was unopposed and would likely remain so even if plaintiff asked for an opportunity to respond.  His failure to timely oppose defendants' summary judgment appears to have been plaintiff's fault; he failed to timely notify the court and defendants of his change of address.  In defendants' unopposed motion for summary judgment, they contend that they did not act with deliberate indifference to plaintiff's medical needs.  Because plaintiff failed to adduce any evidence that defendants ignored his requests for treatment or failed to treat him, they would have been entitled to summary judgment on plaintiff's claims, had the motion been decided.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, dkt. #41, is DENIED as moot and this case is DISMISSED with prejudice for plaintiff Charles G. Rubel's failure to prosecute it.  The clerk is directed to enter judgment in favor of

defendants and close this case.

Entered this 24th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3